**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000309
23-OCT-2024
08:03 AM
Dkt. 77 SO**

CAAP-21-0000309

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SELENE FINANCE LP, Plaintiff-Appellee, v.
MELEANA LIA SMITH, Defendant-Appellant, and
H.O.V.E. ROAD MAINTENANCE CORPORATION, Defendant-Appellee,
and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC121000543)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Meleana Lia Smith (**Smith**) appeals from the April 5, 2021 Order Denying [Smith's] Motion to Set Aside:  May 13, 2016 Judgment; Findings of Fact, Conclusions of Law, Order Granting [Plaintiff-Appellee Selene Finance LP's (**Selene's**)] Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure Entered on May 13, 2016 [(**Foreclosure Decree**)]; February 27, 2017 Judgment; and February 27, 2017 Judgment for Possession (**Order Denying Set**

**Aside**) (punctuation altered), entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

Smith raises four points of error on appeal, contending that: (1) Smith was denied her due process rights because she was not properly notified of the hearing on [Selene's] Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure, filed on January 19, 2016 (**Selene's MSJ**); (2) the Circuit Court erred when it denied Smith's February 2, 2021 Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b) motion (**Motion to Set Aside**); (3) the Circuit Court erred when it held that it did not have jurisdiction to grant Smith's Motion to Set Aside; and (4) the Circuit Court erred when it held that Smith had the benefit of legal counsel when she filed a July 7, 2016 Motion to Dismiss the Complaint.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Smith's points of error as follows:

(1 & 2) Smith's first point of error is properly before this court only to the extent that her due process argument was before the Circuit Court as part of the Motion to Set Aside. Smith argues that the Circuit Court erred in denying the Motion to Set Aside pursuant to HRCP Rule 60(b)(6). Smith contends that extraordinary relief is warranted – although the Foreclosure Decree and judgment thereon were entered more than four years before Smith filed the Motion to Set Aside – because

_____

[1]     The Honorable Peter K. Kubota presided.

the first page of Selene's MSJ indicated a hearing date of March 15, 20<u>15</u>, rather than March 15, 20<u>16</u>. Smith avers that she did not oppose Selene's MSJ and did not appear at the March 15, 2016 hearing because she was confused by the hearing date stated on the first page of the motion. Smith does not dispute that she was served with Selene's MSJ of which the notice of hearing attached to Selene's MSJ stated the correct date of March 14, 20<u>16</u>. Smith did not bring the hearing date issue to the Circuit Court's attention in, for example, a motion for reconsideration or in the motion to dismiss the complaint that she filed on July 7, 2016.

More importantly, Smith does not dispute that this issue was previously raised in Smith's March 31, 2020 Motion to Vacate Plaintiff's Motion for Summary Judgment; Motion for Reconsideration, which was filed pursuant to HRCP Rule 59(a)(2) and HRCP Rule 60(b)(1)(2)(3)(4) (**Motion to Vacate**) and ruled upon in the April 15, 2020 order denying the Motion to Vacate.[2] Smith cites no authority supporting the filing of a second HRCP Rule 60(b) motion based on the same factual grounds, but with an alternative reliance on HRCP Rule 60(b)(6), and we find none. For this reason, *inter alia*, we conclude that the Circuit Court did not err in entering the Order Denying Set Aside.

(3) Smith argues that the Circuit Court had jurisdiction to hear the Motion to Set Aside. Although the Circuit Court made a reference to jurisdiction at the March 18, 2021 hearing on the Motion to Set Aside, the written Order

---

[2]     The Honorable Jeffrey A. Hawk presided.

Denying Set Aside was based on the court's consideration of the motion, "the evidence presented, and the records and pleadings . . . [and having] been fully advised in this regard," and not based on a lack of jurisdiction. Accordingly, we cannot conclude that Smith is entitled to relief based on this argument.

(4) Smith argues that the Circuit Court erred in a September 20, 2016 hearing by "making a finding" that Smith had the benefit of legal counsel when she filed a July 7, 2016 motion to dismiss the complaint. Smith did not raise this issue in the Motion to Set Aside, and therefore it is not properly before this court on Smith's appeal from the Order Denying Set Aside. We conclude that this argument is waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).[3]

For these reasons, the Circuit Court's April 5, 2021 Order Denying Set Aside is affirmed.

DATED: Honolulu, Hawaiʻi, October 23, 2024.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant.

Marvin S.C. Dang,
Jason M. Oliver,
Summer Okada,
Amy Jackson,
(Law Offices of Marvin S.C.
 Dang, LLLC),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[3] We further note that the transcript of the September 20, 2016 hearing before the Honorable Greg K. Nakamura is part of the record on appeal, and no such finding was made. Smith's argument is baseless.